BROWN *et al.* v. WILLIAMS *et al.*

No. 5729.  Opinion Filed April 25, 1916.

Rehearing Denied May 16, 1916.

(157 Pac. 311.)

**ATTACHMENT—Motion to Dissolve—Evidence.**  Where a motion to
dissolve an attachment is duly verified and filed, the burden of
proof is on the plaintiff to introduce evidence to justify the at-
tachment, and if he has in his possession any evidence tending
to justify the same, it is his duty to present such testimony to
the court, and not content himself with a mere statement that
such evidence can be produced.

(Syllabus by Hooker, C.)

*Error from County Court, Caddo County;*
*C. Ross Hume, Judge.*

Action by Mintora S. Brown and others against Isaac
Williams and others.  Judgment for defendants, and
plaintiffs bring error.  Affirmed.

*J. B. Pope,* for plaintiffs in error.

*H. W. Morgan* and *R. K. Robinson,* for defendants in
error.

Opinion by HOOKER, C.  On September 10, 1913,
the plaintiffs in error filed this suit in the county court of
Caddo county to recover a judgment against defendants
in error upon a certain promissory note, and at the same
time they procured an attachment to issue against the
property of defendants in error upon an affidavit duly
made in said action.  Thereafter and in due time the de-
fendants in error made a motion to have the attachment
dissolved, after having filed an affidavit denying the
grounds therefor.  The cause came on for hearing before

the judge of the county court in said county, and the defendants in error assumed the burden of proving that the attachment was improperly issued, and that the grounds stated in the affidavit for the attachment were not true. The defendants in error testified and rested, and at the conclusion of their testimony the plaintiffs in error made the following offer:

"Plaintiffs offer to prove that these defendants Conard and Williams, prior to the filing of this action, fraudulently disposed, assigned, removed or disposed of, or were about to dispose of their property, or a part thereof, with the intent to defraud, hinder, and delay their creditors, the said property being that described in a certain chattel mortgage given by the defendants herein, Isaac Williams and George Conard, on the 18th day of January, 1912, covering the following described property, to wit, 55 acres of cotton to be planted and grown on section 15, township 10 north, range 9 west in Caddo county, Okla.; 26 acres cotton to be planted and grown on D. R. Holcomb's farm in section 22, township 10 north, range 9 west."

To this offer an objection was made by defendants in error as being too remote from the date of the institution of this action and the suing out of the attachment and as being incompetent, irrelevant, and immaterial, and not tending to prove any issues in the cause, which objection was sustained. Thereupon the plaintiffs in error rested their case and an order was entered by the judge dissolving the attachment. From this order the plaintiffs in error have appealed.

This case was properly triable to the court, and unless we can say from the record before us that the judgment of the court is not sustained by the evidence, it will be our duty to affirm the judgment of the trial court.

It does not appear from the record before us that there was any witness upon the stand ready to testify to any material fact concerning the transaction. The statement of the offer is but a conclusion and not a statement of fact, nor does it purport to be the testimony of any particular witness, but it is a conclusion which could be derived only from the testimony of witnesses, and inasmuch as it is indefinite and does not purport to have occurred at any reasonable time prior to the institution of the action, we must hold that under the offer as made, for the reason above given, the trial court was correct in sustaining the objection and making the order dissolving the attachment.

In this case the plaintiffs in error had the burden of proof and it was their duty to introduce evidence to justify the issuing of the attachment. This they did not do. In the case of *Storm v. Parman,* 43 Okla. at page 499, 143 Pac. 38, this court said:

"* * * If defendant was in possession of any evidence proving or tending to prove that the election officers in said precincts had permitted persons to vote who were disqualified under any provision of the law, it was his duty to present such testimony to the court, and not content himself with a mere statement that such evidence could be produced."

Applying the rule laid down in that case to the instant case, we must hold that it was the duty of the plaintiffs in error, if they had any witnesses by whom they could establish the facts justifying the issuance of this attachment, to have presented such witnesses to the court and permit them to testify in reference thereto, and to have made an effort to introduce such witnesses, and not

content themselves with the mere statement that they offer to prove such a state of facts.

Reviewing this entire record we are unable to say that the court has abused its discretion in this case, and we are further of the opinion that the judgment of the court upon this record is correct. This case is therefore affirmed.

By the Court: It is so ordered.